UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                          **SUMMARY ORDER**
        -against-                                    06-cr-532 (DLI)

ERIC ORTIZ,
                 Defendant.
-----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Defendant Eric Ortiz requests a recommendation from the court to the Bureau of Prisons ("BOP") to credit the 235 days that he spent in federal custody from September 24, 2007 (the first day he became eligible for parole on his state sentence) to May 16, 2008 (the date of his federal sentencing) against his federal sentence. Alternatively, defendant seeks a 53-day credit for the time he spent in federal custody from March 24, 2008 (the mandatory release date for the state sentence) to May 16, 2008. The government opposes the former but not the latter request. For the reasons set forth below, the court recommends that the BOP only credit the 53 days.

Under 18 U.S.C. § 3585(b)(1), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." Defendant argues that he should be credited the 235 days because his incarceration in federal custody "denied [him the] opportunity to appear before the state Parole Board in July 2007." (Def.'s May 19, 2009 Letter at 4.) Defendant claims that

> [h]ad he been physically permitted to appear, *it seems likely* that he would have been granted parole. As a result, the Bureau of Prisons

1

> should give him credit for his parole eligibility date, which is the date on which he would have been released, September 24, 2007, until the date of his federal sentencing, May 16, 2008, or 235 days.

(*Id.* (emphasis added).) This argument rests on the unfounded assumption that "it seems likely" the State Parole Board would have granted parole. Defendant has not provided any justification for this assumption. Indeed, under New York law, such parole determinations are discretionary. *See* New York Penal Law § 70.40(1)(a). As such, the court has no basis to recommend the 235-day credit.

On the other hand, defendant is entitled to the 53-day credit from March 24, 2008 to May 16, 2008. According to the New York State Department of Correctional Services, defendant was entitled to be released on March 24, 2008 because he had accumulated all available credits for good time. (Def.'s May 19, 2009 Letter at 3-4, Ex. B.) In sum, the court finds that the time defendant served in federal custody from March 24, 2008 to May 16, 2008 was "a result of the offense for which the sentence was imposed" and "has not been credited against another sentence" for purposes of 18 U.S.C. § 3585(b). Therefore, the court recommends that the BOP credit defendant with 53 days against his current sentence. The request for the recommendation of a 235-day credit is denied.

SO ORDERED

DATED:     Brooklyn, New York
                July 22, 2009

                                             _____/s/_____
                                             DORA L. IRIZARRY
                                        United States District Judge