UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
UNITED STATES OF AMERICA,                     :
                                              :         **SUMMARY ORDER**
           -against-                          :         06-cr-532 (DLI)
                                              :
ERIC ORTIZ,                                   :
                                              :
                      Defendant.              :
                                              :
-------------------------------------------------------- X

**DORA L. IRIZARRY, U.S. District Judge:**

On June 29, 2007, Defendant pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3551 ("Count 1"), as well as one count of possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 3551 ("Count 2"). (*See* 6/29/07 Minute Entry, Dkt. Entry No. 28.) On May 16, 2008, the Court sentenced Defendant to a 120-month term of imprisonment and three years of supervised release on Count 1, and a 120-month term of imprisonment and three years of supervised release on Count 2, with the sentences to run concurrently. (*See* 5/16/2008 Minute Entry, Dtk. Entry No. 36.) Defendant, through his counsel, Zachary Margulis-Ohnuma, Esq., filed an appeal challenging his conviction and sentence. (*See* Notice of Appeal, Dkt. Entry No. 40.) The Second Circuit rejected Defendant's appeal, affirming the conviction and sentence in *United States v. Ortiz*, 621 F. 3d 82 (2d Cir. 2010).

Defendant now moves for the appointment of counsel, specifically Mr. Margulis-Ohnuma, alleging that Defendant may be entitled to relief of an unspecified nature under the Supreme Court's recent opinions in *Peugh v. United States*, 569 U.S. ___, 133 S. Ct. 2072 (2013), and *Descamp v. United States*, 570 U.S. ___, 133 S. Ct. 2276 (2013), and that Mr. Margulis-Ohnuma is best situated to litigate his claims. (*See* Defendant's Motion for

Appointment of Counsel, Dkt. Entry No. 49.) The government has not responded to Defendant's request.

For the following reasons, Defendant's request is denied without prejudice. As an initial matter, there are no pending proceedings before the Court concerning this action. As such, there is no matter for which the appointment of counsel is necessary.

Secondly, it appears that Defendant's time in which to file a petition under 28 U.S.C. § 2255 has expired, and Defendant has not set forth any facts that may justify tolling the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

Thirdly, upon the court's review of the facts and circumstances of this case, it appears unlikely that the Supreme Court decisions upon which Defendant's request is based would apply retroactively to his case.

Finally, these are issues that Defendant can assert himself without the aid of counsel at this juncture. The Court is mindful of its obligation to hold p*ro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

At the same time, it is a long-standing rule that the Defendant (or petitioner) bears the burden of learning the applicable procedural rules in federal court and abiding by them when

seeking review. This rule applies when the individual is acting *pro se. See Edwards v. I.N.S.*, 59 F. 3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."); *Baldwin v. LIJ North Shore Health System*, 392 F. Supp. 2d 479, 483 (E.D.N.Y. 2005) ("[*P*]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." (internal quotations and citation omitted)), as well as when the individual is represented by counsel, *see U.S. v. Hooper*, 43 F. 3d 26, 29 (2d Cir. 1994) ("Ignorance of the law or rules does not, in general, constitute 'excusable neglect.'").

## CONCLUSION

Accordingly, Defendant's request for the appointment of counsel is denied without prejudice. Defendant is further denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 19, 2013

/s/
DORA L. IRIZARRY
United States District Judge